### ANDERSON v. INDEPENDENT PEERLESS PATTERN CO.

#### (Supreme Court, Appellate Term. June 25, 1909.)

SALES (§ 405*)—BREACH OF CONTRACT—ACTIONS.

> Where plaintiff's assignor contracted to buy certain goods from defendant, agreeing to pay for all goods bought during any month by the 15th of the succeeding month, defendant agreeing upon the termination of the contract to take back goods the assignor had in stock at the wholesale price charged for them, the contract called for the performance of a condition by the assignor prior to the time when he could insist upon the acceptance by defendant of the goods returned; and, where he failed to pay for goods bought during one month, plaintiff could not recover the value of goods subsequently tendered to defendant and refused, in the absence of proof of a waiver by defendant of the performance of the condition.

> [Ed. Note.—For other cases, see Sales, Dec. Dig. § 405.*]

Appeal from Municipal Court, Borough of Manhattan, Fifth District.

Action by Charles E. Anderson against the Independent Peerless Pattern Company. Judgment for plaintiff, and defendant appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Hardy & Shellabarger, for appellant.
Brush & Crawford, for respondent.

PER CURIAM. Plaintiff brought this action to recover for the value of certain paper patterns alleged to have been returned to the defendant by plaintiff's assignor pursuant to the terms of a written contract, less the amount of credits for patterns purchased. Plaintiff's assignor, a merchant, and defendant, a manufacturer of patterns, entered into a contract whereby the former agreed to purchase from the latter certain paper patterns and "to pay for all goods purchased during any month on or before the 15th of the succeeding month." The latter agreed upon the termination of the contract to take back all patterns plaintiff's assignor had in stock and pay 100 per cent. of the wholesale price charged for same. The plaintiff's assignor tendered the goods left on hand on the expiration of the contract; but these goods were not accepted or paid for by the defendant, because of an alleged breach of the contract on the part of the plaintiff's assignor.

Plaintiff's assignor purchased certain patterns in the month of September, 1908, which were not paid for on or before October 15th, as provided for by the contract, nor since. This breach on the part of the plaintiff's assignor justified the defendant in refusing to accept the goods when tendered on October 31st. The right of the plaintiff to obtain the benefits of the contract in question was dependent upon his assignor's compliance with the prior conditions therein contained. The contract between the parties called for the performance of a condition on the part of the plaintiff's assignor prior to the time when he could insist upon the acceptance of the patterns. The plain-

tiff was not entitled to recover until he established the performance of that condition by his assignor or proved a waiver on the part of the defendant. Not having proved either performance or a waiver by defendant, the judgment must be reversed.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event.